JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Kentarian Brown appeals from his conviction for drug possession, tampering with evidence, resisting arrest and possession of criminal tools. For the reasons set forth below, we affirm.
 {¶ 2} On November 14, 2003, defendant was indicted pursuant to a four-count indictment. Count One charged him with possession of less than one gram of crack cocaine. Count Two charged him with tampering with evidence. Count Three charged him with resisting arrest, and Count Four charged him with possession of criminal tools, i.e., a bicycle, money and cell phone. Defendant pled not guilty and waived his right to a jury trial.
 {¶ 3} The matter proceeded to trial on February 4, 2004. The parties stipulated that crack cocaine weighing .48 grams was seized from defendant and the state presented the testimony of Cleveland Police Det. Michael Moctezuma.
 {¶ 4} Det. Moctezuma testified that on September 25, 2003, he and his partner, Det. Strollo, were patrolling on Forest Avenue in the area of East 116th Street in Cleveland. They received a report from Cleveland Police Officer Caldwell that a man on a bicycle had just made a drug transaction nearby. Det. Moctezuma subsequently pulled up behind defendant's bicycle and asked defendant to come over to the police vehicle. Det. Moctezuma testified that he saw defendant moving objects in his mouth. Moctezuma informed defendant that he was under arrest and asked him to open his mouth. Defendant then began to pull away and made chewing movements. The detectives scuffled with defendant and he then spat out three rocks of what was later determined to be crack cocaine. Defendant was placed in their zone car and, after he was conveyed to Central Processing, the officers observed a fourth rock of crack cocaine in the back of the vehicle. According to Det. Moctezuma, the car was checked at the beginning of the shift and it did not contain any contraband. He further established that defendant was the only suspect who had been in the vehicle that day. Det. Moctezuma admitted, however, that drug dealers often carry contraband in their mouths.
 {¶ 5} The trial court found defendant guilty of all four charges. The court further determined that a community control sanction would adequately protect the public and would not demean the seriousness of the offense. The court then sentenced defendant to two years of community control sanctions on counts one, two and four. The court also sentenced defendant to six months incarceration, with execution suspended, plus two years probation, on Count Two. Defendant now appeals and assigns a single error for our review.
 {¶ 6} Defendant's assignment of error states:
 {¶ 7} "The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was guilty of tampering with evidence."
 {¶ 8} Within this assignment of error, defendant asserts that the state did not present sufficient evidence that he altered, destroyed, or concealed evidence by placing the drugs in his mouth, because "the drugs were already in appellant's mouth when approached by the officer[.]"
 {¶ 9} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins, 78 Ohio St.3d 380, 386,1997-Ohio-52, 678 N.E.2d 541.
 {¶ 10} The offense of tampering with evidence is defined in R.C. 2921.12(A) as follows:
 {¶ 11} "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall * * *:
 {¶ 12} "(1) Alter, destroy, conceal, or remove any * * * thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."
 {¶ 13} In this matter, the state's evidence demonstrated that when Det. Moctezuma approached defendant, he began moving objects in his mouth. When the detective informed defendant that he was under arrest and ordered him to open his mouth, defendant pulled away from the officer and began to chew the objects in his mouth. Following a scuffle, defendant spat out three rocks of crack cocaine. Construing this evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have determined beyond a reasonable doubt that defendant knew that a drug buy investigation was in progress and began to destroy crack cocaine with the purpose to impair the availability of the cocaine in the investigation. That is, although defendant had the drugs in his mouth before being stopped, the finder of fact could have rationally determined that, by chewing on the crack cocaine in his mouth, defendant was acting to destroy the cocaine and prevent it from being available as evidence against him. Accordingly, defendant's conviction for tampering with evidence was supported by sufficient evidence. Accord State v.Williams, Cuyahoga App. No. 83574, 2004-Ohio-4476 (sufficient evidence supported conviction for tampering with evidence where officers observed defendant chewing and trying to swallow something and, when officers opened his mouth, they observed crack cocaine particles).
 {¶ 14} In accordance with the foregoing, the assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Cooney, J., Concur.